THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHANEL, INC., | ) | Case No. C-13-02645 RS |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **APPLICATION FOR ENTRY OF** |
| v. | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| THE PARTNERSHIPS OR | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A" and | ) | |
| DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), moves for entry of a preliminary injunction against Defendants, The Partnerships or Unincorporated Associations Identified on Schedule "A" hereto and Does 1-100 (the "Defendants"), pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a).

For reasons set forth herein, Plaintiff's Application for Preliminary Injunction is GRANTED.

### I.   FACTUAL BACKGROUND

Chanel alleges in the Complaint that it is the owner of all rights in and to various federally registered trademarks (the "Chanel Marks"). Chanel alleges that the Defendants are promoting, advertising, distributing, offering for sale and selling counterfeit and infringing products, including scarves, telephone cases, protective covers for portable electronic devices (including cell phones),

1  and costume jewelry (including necklaces and earrings) (the "Defendants' Goods"), bearing
2  designations that are identical or virtually identical to the Chanel Marks, through commercial e-
3  stores identified on **Schedule "A,"** attached hereto (collectively, the "Subject E-Store Names"), and
4  the websites operating under the domain names identified on **Schedule "B**," attached hereto
5  (collectively, the "Subject Domain Names").  Chanel has alleged causes of action for federal
6  trademark counterfeiting and infringement (15 U.S.C. § 1114) and false designation of origin (15
7  U.S.C. § 1125).

8  Chanel alleges that Defendants have PayPal accounts, operated by PayPal, Inc. ("PayPal") in
9  which to process payment for sale of the Defendants' Goods.

10  On June 14, 2013, the Court issued an Order Granting Plaintiff's *Ex Parte* Application for a
11  Temporary Restraining Order and temporarily restrained the Defendants from infringing the Chanel
12  Marks at issue as well as restrained certain of the Defendants' assets (e-docket #18).  Pursuant to the
13  Court's June 14, 2013 Order, Plaintiff provided each Defendant with notice and copies of the
14  Court's June 14, 2013 Order and Plaintiff's *Ex Parte* Application for Entry of a Temporary
15  Restraining Order and Preliminary Injunction, electronically via the means authorized by the Court's
16  June 14, 2013 Order (e-docket #20-22).[1]

---

[1] As of the date of preliminary injunction hearing conducted on July 1, 2013, the redirection of the Subject Domain Names to the serving site, http://servingnotice.com/omgenvy/index.html, has been finalized for the two websites operating under the domain names identified on Schedule "B." Additionally, these two Defendants have received notice of the Court's June 14, 2013 Order and the July 1, 2013 hearing via the electronic notification methods authorized by the Court.

2

**PRELIMINARY INJUNCTION**

Plaintiff has sufficiently shown that it is likely to succeed on the merits of its claims, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of harm tilts in Plaintiff's favor, and that the preliminary relief is in the public interest.

Upon review of Plaintiff's Complaint, Application for Preliminary Injunction and supporting evidentiary submissions, it is hereby **ORDERED** that Plaintiff's Application of Preliminary Injunction is **GRANTED** according to the terms set forth below.

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined:

    (a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    (b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue, until further Order of this Court, the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites, domain name, and/or e-store businesses owned and operated, or controlled by them including the Internet websites and commercial e-stores operating under the Subject E-Store Names;

1       (3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors,
2  and all persons in active concert or participation with any Defendant having notice of this
3  Preliminary Injunction shall immediately discontinue, until further Order of this Court, the use of the
4  Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or
5  other markers within website source code, from use on any webpage (including as the title of any
6  web page), any advertising links to other websites, from search engines' databases or cache memory,
7  and any other form of use of such terms which is visible to a computer user or serves to direct
8  computer searches to websites registered by, owned, or operated by each Defendant, including the
9  Internet websites operating under the domain names used and controlled by Defendants 3 and 5 (i.e.,
10 the Subject Domain Names);

11      (4)     Each Defendant shall not transfer ownership of the Subject Domain Names during the
12 pendency of this Action, or until further Order of the Court;

13      (5)     The domain name Registrars for the Subject Domain Names are directed, to the
14 extent not already done, to transfer to Plaintiff's counsel, for deposit with this Court, domain name
15 certificates for the Subject Domain Names;

16      (6)     The domain name Registrars for the Subject Domain Names shall immediately, to the
17 extent not already done, assist in changing the Registrar of record for the Subject Domain Names,
18 excepting any such domain names which such Registrars have been notified in writing by Plaintiff
19 have been or will be dismissed from this action, to a holding account with a Registrar of Plaintiff's
20 choosing (the "New Registrar").  To the extent the Registrars do not assist in changing the Registrars
21 of Record for the domains under their respective control within one (1) business day of receipt of
22 this Order and instructions on the change of the Registrars of Record, the top-level domain (TLD)
23 Registries (or their administrators) for the Subject Domain Names, within five (5) business days of
24 receipt of this Order, shall, change or assist in changing, the Registrar of record for the Subject
25 Domain Names, excepting any such domain names which such Registries have been notified in
26 writing by Plaintiff have been or will be dismissed from this action, to a holding account with the
27 New Registrar.  As a matter of law, this Order shall no longer apply to any Defendant or associated

28                                                      4

domain name dismissed from this action. Upon the change of the Registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/omgenvy/index.html whereon copies of the Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action are displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(7) Upon Plaintiff's request, the privacy protection service for any Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identify and contact information are ordered, to the extent not already done, to disclose to Plaintiff the true identities and contact information of those Registrants;

(8) Plaintiff may enter, and continue to enter, the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by the Defendants which redirect traffic to the counterfeit operations to a new domain name or website and thereby evade the provisions of this Order;

(9) Each Defendant shall preserve, and continue to preserve, copies of all their computer files relating to the use of any of the Subject Domain Names and E-Stores and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and E-Stores that may have been deleted before the entry of this Order;

(10)   Upon receipt of notice of this Order, PayPal and its related companies and affiliates shall immediately, to the extent not already done, freeze all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the PayPal accounts related to the PayPal account recipients:

| PayPal Account |
| --- |
| glamblingx3@gmail.com |
| glamor_me@live.com |
| helloglitz@gmail.com |
| katelow268@yahoo.com.sg |
| Lcelebrityclub@aol.com |
| phonecandys@gmail.com |
| theprettylittlegeek@gmail.com |

as well as all funds in or which are transmitted into:

(i)   any other related accounts of the same customer(s),

(ii)  any other accounts which transfer funds into the same financial institution account(s), and/or any of the other PayPal accounts subject to this Order, and

(iii) any other PayPal accounts tied to or used by any of the Subject E-Store Names identified on Schedule "A" hereto;

(11)  PayPal shall also immediately, to the extent not already done, divert to a holding account for the trust of the Court all funds in all PayPal accounts related to the PayPal account recipients:

| PayPal Account |
| --- |
| glamblingx3@gmail.com |
| glamor_me@live.com |
| helloglitz@gmail.com |
| katelow268@yahoo.com.sg |

> Lcelebrityclub@aol.com
>
> phonecandys@gmail.com
>
> theprettylittlegeek@gmail.com

and any other related accounts of the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any of the other PayPal accounts subject to this Order;

(12)   PayPal shall further, to the extent not already done, within five days of receiving this Order, provide Plaintiff's counsel with all data which details

    (i)   an accounting of the total funds frozen and identifies the PayPal account(s) which the frozen funds are related to, and

    (ii)   the account transactions related to all funds transmitted into the PayPal account(s) which have been restrained. Such freezing of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until further order of this Court. PayPal shall receive and maintain this Order and its contents as confidential until further order of this Court. No funds restrained by this Order shall be transferred or surrendered by PayPal for any purpose (other than pursuant to a chargeback made pursuant to PayPal's security interest in the funds) without the express authorization of this Court;

(13)   Plaintiff shall maintain its bond in the amount of Ten-Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court;

(14)   This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties;

(15)   This Preliminary Injunction shall apply to the Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit which

1 verifies such new domain names are being used by Defendants for the purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with Chanel in connection with search engine results pages.

**IT IS SO ORDERED.**

DATED: 7/1/13

_____
UNITED STATES DISTRICT JUDGE
THE HONORABLE RICHARD SEEBORG

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT E-STORE NAMES

| Defendant Number | Defendant/Subject E-Store Name |
|---|---|
| 1 | helloglitz.storenvy.com |
| 2 | phonecandys.storenvy.com |
| 3 | storenvy.com/stores/27815-glam-bling |
| 4 | glamorme.storenvy.com |
| 5 | storenvy.com/stores/46854-the-pretty-little-geek |
| 6 | lccboutique.storenvy.com |
| 7 | rainbowsmile.storenvy.com |

# SCHEDULE "B"
## SUBJECT DOMAIN NAMES

| Defendant Number | Defendant/Subject Domain Name |
|---|---|
| 3 | glambling.us |
| 5 | theprettylittlegeek.com |