KENNETH E. KELLER (SBN 71450) kkeller@ksrh.com
ANNE E. KEARNS (SBN 183336) akearns@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, California 94111
Telephone:     (415) 249-8330
Facsimile:     (415) 249-8333

Attorneys for Plaintiff CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHANEL, INC., | ) | Case No. C-13-02645 RS |
| | ) | |
| Plaintiff, | ) | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT;** |
| | ) | |
| v. | ) | |
| | ) | |
| THE PARTNERSHIPS OR UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and DOES 1-100, | ) ) ) ) ) | **[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION** |
| Defendants. | ) | |

THIS MATTER having come before the Court upon motion by Plaintiff, Chanel, Inc. (Chanel") for entry of a final default judgment of its claims against Defendants glamorme.storenvy.com (Defendant 4) and lccboutique.storenvy.com (Defendant 6), partnerships or unincorporated associations (collectively "Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and the Court having considered the moving papers and there being no opposition thereto;

IT IS HEREBY ORDERED that Chanel's Motion for Final Default Judgment is **GRANTED**, and judgment is hereby entered in favor of Plaintiff, Chanel, Inc., a New York corporation, with its principal place of business in the United States located at Nine West 57th Street,

New York, New York, 10019, and against Defendants glamorme.storenvy.com and lccboutique.storenvy.com on all Counts of the Complaint as follows:

(1) Permanent Injunctive Relief:

Defendants and their respective officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendants are hereby permanently restrained and enjoined from:

(a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing Chanel's trademarks identified in Paragraph 15 of the Complaint (the "Chanel Marks") (ECF 1);

(b) using the Chanel Marks in connection with the sale of any unauthorized goods;

(c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants offered for sale or sold via the e-stores identified on Schedule "A" hereto (collectively the "Subject E-Store Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel;

(d) falsely representing themselves as being connected with Chanel, through sponsorship or association;

(e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants offered for sale or sold via the Subject E-Store Names, and/or any other website, e-store, or business are in any way endorsed by, approved by, and/or associated with Chanel;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants via the Subject E-Store Names, and/or any other

website, e-store, or business, including, without limitation, cases for telephones and protective covers for portable electronic devices, including cell phones, bearing the Chanel Marks;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants via the Subject E-Store Names, and/or any other website, e-store, or business, as being those of Chanel or in any way endorsed by Chanel;

(h) otherwise unfairly competing with Chanel;

(i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

(j) using of the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites and e-stores registered by, owned, or operated by Defendants, including the Internet commercial e-stores operating under all of the Subject E-Store Names.

(2) Statutory Damages pursuant to 15 U.S.C. § 1117(c) against Defendant glamorme.storenvy.com: $12,000.00

(3) Statutory Damages pursuant to 15 U.S.C. § 1117(c) against Defendant lccboutique.storenvy.com: $12,000.00

(4) Costs of Suit against Defendants, jointly and severally: $505.00

(5) All funds currently restrained by PayPal, Inc. ("PayPal") pursuant to the temporary restraining order (ECF 18) and preliminary injunction (ECF 25) in this action for

3

Defendants glamorme.storenvy.com and lccboutique.storenvy.com, are to be immediately (within 5 business days) transferred to Chanel in partial satisfaction of the monetary judgment entered herein.  PayPal shall provide to Chanel at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from the funds restrained prior to release; and (iii) the total funds released to the Chanel.

(6) The bond posted by Chanel in the amount of $10,000.00 is ORDERED to be released by the Clerk.

(7) Interest from the date this action was filed shall accrue at the legal rate.

IT IS SO ORDERED

DATED: 1/24/14

_____
UNITED STATES DISTRICT JUDGE
THE HONORABLE RICHARD SEEBORG

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT E-STORE NAMES**

| Defendant Number | Defendant/Subject E-Store Name |
|---|---|
| 4 | glamorme.storenvy.com |
| 6 | lccboutique.storenvy.com |